**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| LORI HARMON, | No. 2:12-CV-1637-GEB-CMK |
| Plaintiff, | |
| vs. | FINDINGS AND RECOMMENDATIONS |
| FEDERAL HOME LOAN MORTGAGE CORP., et al., | |
| Defendants. | |
| _____ / | |

    Plaintiff, who is proceeding pro se, invokes 28 U.S.C. § 1441 to remove to this court an unlawful detainer action initiated in the Butte County Superior Court. Pursuant to Federal Rule of Civil Procedure 12(h)(3), the court considers as a threshold matter whether it has subject-matter jurisdiction. The court concludes that it does not and that this matter should be remanded to state court.

    Plaintiff seeks to remove to this court an unlawful detainer action filed against her in state court. The United States Supreme Court has held that an action for ejectment, such as an unlawful detainer action, does not arise under the laws of the United States and, for this reason, does not give rise to subject-matter jurisdiction in federal court. See Taylor v. Anderson, 234

U.S. 74 (1914).  To the extent plaintiff argues that she has various defenses to the unlawful detainer action which arise under federal law, an affirmative defense cannot be the basis of federal subject-matter jurisdiction.  See id.  In short, landlord-tenant actions are state law issues. See Powers v. United States Postal Service, 671 F.2d 1041 (7th Cir. 1982).

      Based on the foregoing, the undersigned recommends that this action be remanded to the Butte County Superior Court and that plaintiff's pending motion for leave to proceed in forma pauperis (Doc. 2) be denied.

      These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days after being served with these findings and recommendations, any party may file written objections with the court.  Responses to objections shall be filed within 14 days after service of objections.  Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED:  October 16, 2012

                                         **CRAIG M. KELLISON**
                                         UNITED STATES MAGISTRATE JUDGE